## MEYER, WISE & KAICHEN CO. v. UNITED STATES.

### No. 4187.

District Court, S. D. Ohio, W. D.
July 29, 1930.

Wallick & Shorb, of Washington, D. C., for plaintiff.

Haveth E. Mau, U. S. Dist. Atty., and Frank Hier, Asst. U. S. Dist. Atty., both of Cincinnati, Ohio, and C. M. Charest and Lester L. Gibson, both of Washington, D. C., for the United States.

NEVIN, District Judge.

This cause is before the court on the amended petition of plaintiff herein and a general demurrer thereto filed by defendant, upon the ground that said amended petition "does not state facts sufficient to constitute a cause of action."

Plaintiff brought this suit to recover income and profits taxes alleged to have been illegally collected from it for the fiscal year ended June 30, 1919, in the amount of $7,665.11, together with interest thereon. The facts as set out in plaintiff's amended petition are substantially and briefly as follows:

Plaintiff filed its income and profits tax return for the fiscal year ended June 30, 1919, on September 16, 1919. This return showed a tax liability of $78,125.15. Of this amount plaintiff paid $70,079.40, leaving a balance of $8,045.75 unpaid. Plaintiff filed a claim in abatement for this balance of the tax shown on its original return, and an allowance of $380.64 was granted to it on its said claim for abatement, said claim being rejected as to the balance, leaving the amount sued for in this case, to wit, $7,665.11, which said amount was paid by plaintiff on June 20, 1925, upon notice and demand from the collector of internal revenue.

On February 15, 1924, there was signed by plaintiff company, in proper form, and by the Commissioner of Internal Revenue, a document entitled "Income and Profits Tax Waiver," in which it was provided that the plaintiff company and the Commissioner of Internal Revenue "hereby consent to a determination, assessment and collection of the amount of income, excess-profits, or war-profits taxes due under any return made by

or on behalf of the said (plaintiff) company for the years 1918 and 1919, under the Revenue Act of 1921, or under prior income, excess-profits, or war-profits tax Acts." Said waiver further provided that it should remain in effect for a period of "one year after the expiration of the statutory period of limitation." A number of the revenue statutes are cited in the briefs of counsel, but the two which are particularly pertinent in the instant case are the following:

Section 250(d) of the Revenue Act of 1918 (40 Stat. 1083), and section 250(d) of the Revenue Act of 1921 (42 Stat. 265), which read, respectively, as follows:

"Except in the case of false or fraudulent returns with intent to evade the tax, the amount of tax due under any return shall be determined and assessed by the Commissioner within five (5) years after the return was due or was made, and no suit or proceeding for the collection of any tax shall be begun after the expiration of five (5) years after the date when the return was due or was made."

"The amount of income, excess-profits, or war-profits taxes due * * * under any return made under this Act for prior taxable years or under prior income, excess-profits, or war-profits tax Acts * * * shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax; and no suit or proceeding for the collection of any such taxes due under this Act or under prior income, excess-profits, or war-profits tax Acts * * * shall be begun, after the expiration of five years after the date when such return was filed. * * * *"

Plaintiff having filed its return on September 16, 1919, the five-year period for determination, assessment, and collection as provided in section 250(d) of the 1918 Revenue Act, expired September 16, 1924. As heretofore stated, the waiver above referred to was signed on February 15, 1924 (which was within the five-year period), and the tax was paid on June 20, 1925, which was before the expiration of the period as extended by the waiver. Plaintiff contends that while the waiver or agreement may have extended the statute of limitations for assessments thereafter made for the fiscal year ended June 30, 1919, it did not extend the statute of limitations for the collection of this particular amount of $7,665.11, involved in the instant case, and plaintiff treats the situation upon

the theory that the waiver operated only in the event there was a new determination and assessment by the Commissioner which could be made the basis for collection to be thereafter made.

The court cannot adopt this view as expressed and contended for by plaintiff. While it is true that the return of plaintiff was filed while the Revenue Act of 1918 was in force, the waiver in question was filed while the Revenue Act of 1921 was in force. The facts as admitted by the amended petition and demurrer thereto show that prior to the filing of the waiver, the Commissioner had made an assessment based upon plaintiff's original tax return, and it seems apparent from the recital in the amended petition that the sole matter in the minds of all the parties, at the time the waiver was filed, was with respect to a consideration to be given by the Commissioner and a determination thereafter to be made by him of the balance claimed to be due from plaintiff on the original amount assessed against it, the collection of which amount, along with the question of its determination, plaintiff agreed might be effected at any time within one year after the statutory period of limitation.

As heretofore stated, on December 15, 1919, plaintiff filed a claim for abatement of the total amount of the balance claimed to be due from it, to wit, $8,045.75. On December 5, 1924, $380.64 of this amount was allowed to plaintiff and the claim rejected as to the balance.

It seems to the court that it was this very amount which all parties had in mind when the waiver of February 15, 1924, was signed; it being then no doubt the hope and belief of plaintiff company that it could by further evidence and argument convince the Commissioner that the assessment should be entirely set aside or, at least in part, reduced, the understanding being that once that question was determined, the collection of the amount, if any, determined upon, should follow as a matter of course, provided this was all done within the period covered by the waiver of February 15, 1924, which time could have been extended only by further waivers of a like nature, had such course become necessary and been adopted.

We think that the language of the court in the case of Stange v. United States, 68 Ct. Cl. 395 (decided by the Court of Claims of the United States, November 4, 1929, a copy of the opinion having been furnished this court), is applicable. Among other things, the court say:

"The ordinary meaning of the word 'assess,' when used in connection with matters of taxation, is to fix the amount to be paid by the taxpayer. An assessment can only be made if the taxpayer is liable for the tax, and if liable for the payment of the tax it follows that it was collectible. In other words, a prerequisite of the right to assess is the right to collect the tax when assessed. It would seem, therefore, that an agreement for an assessment was based upon the understanding that the tax was collectible if assessed. However this may be, we think that a waiver of the statute of limitations is a contract, and that even if the statute has run, the moral obligation to pay a tax properly imposed is sufficient to constitute a consideration. * * * In construing the waiver, the rules with reference to the construction of contracts should be applied. If the waiver did not authorize the collection of the tax, its execution was an idle performance—it was nothing but a useless scrap of paper."

The court is of the opinion that the waiver of February 15, 1924, is not limited to the extent and in the manner claimed by plaintiff herein, and that under the law plaintiff's amended petition does not state facts sufficient to constitute a cause of action. Defendant's demurrer to said amended petition should be, and it is hereby, sustained.

An order may be drawn accordingly.